JOHN F. BAUM (SBN 148366)
jbaum@hkemploymentlaw.com
AMY A. DURGAN (SBN 245325)
adurgan@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA, erroneously sued as VITAS HEALTHCARE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOANNE BURNS,

Plaintiff,

vs.

VITAS HEALTHCARE, Does1 through 10, inclusive,

Defendant

Case No.

**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332; 1441 (a), (b) [DIVERSITY JURISDICTION]**

**STATE CASE NO. 34-2017-00212226**

[FILED CONCURRENTLY WITH CIVIL COVER SHEET AND DECLARATION OF DEAN ROBERTSON]

**Complaint Filed:** May 9, 2017

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441(a), (b), and 1446, Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant" or "VITAS"), erroneously sued as VITAS HEALTHCARE, hereby removes the above-entitled action from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, Sacramento Division.

///



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

This Court has original jurisdiction over this action under 28 U.S.C. §1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. PROCEDURAL BACKGROUND

On May 9, 2017, Plaintiff Joanne Burns ("Plaintiff") filed a Complaint in the Superior Court of the State of California, Sacramento County, entitled *Joanne Burns v. Vitas Healthcare, Does 1-10 inclusive*, Case No. 34-2017-00212226 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A. The Complaint purports to state causes of action against Defendant related to Plaintiff's employment with Defendant and the termination thereof, as follows: (1) whistleblower retaliation under California Labor Code §1102.5; (2) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (3) harassment in violation of FEHA; (4) failure to prevent retaliation and harassment; and (5) wrongful termination in violation of public policy.

Plaintiff served the Complaint on May 16, 2017. The Notice of Service of Process is attached as Exhibit B.

On June 13, 2017, Defendant filed its Answer in the Sacramento County Superior Court. A true and correct copy of the Answer is attached as Exhibit C.

## II. GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

### A. There Is Complete Diversity of Citizenship.

This case is properly removable to this Court pursuant to 28 U.S.C. §1441, which provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Further, this action is properly removable under 28 U.S.C. §1441 because the United States District Court has original jurisdiction of this case under 28 U.S.C. §1332(a), as amended, which provides in pertinent part:





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different states . . . .

There is complete diversity of citizenship between Plaintiff and Defendant in this case. First, citizenship of a natural person is determined by his or her state of domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As alleged in the Complaint, Plaintiff is a resident of Sacramento County in the State of California. (Complaint, ¶4.)

Second, the citizenship of a corporation is determined by the place of its incorporation and its principal place of business. *Industry Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). At the time of the commencement of this action, and at all times thereafter, Defendant is a wholly-owned subsidiary of VITAS Healthcare Corporation. (Robertson Decl., ¶3.) Both Defendant and VITAS Healthcare Corporation are corporations organized under the laws of the State of Delaware. (Robertson Decl., ¶4.) Indeed, Plaintiff's Complaint even alleges that Defendant is a Delaware corporation. (Complaint, ¶5.)

The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010). At the time of the filing of the Complaint in this case and as of today, Defendant maintains its headquarters in Miami, Florida at 201 South Biscayne Boulevard, Suite 400. (Robertson Decl., ¶5.) In addition, the large majority of Defendant's officers resides and works in the Miami, Florida area and, when decisions are made about the business of VITAS, such decisions are made by those officers in Miami, Florida. (Robertson Decl., ¶6.) Plaintiff's Complaint also acknowledges that Defendant's principal place of business is Miami, Florida. (Complaint, ¶5.) Accordingly, at the time of the filing of the Complaint in this case and as of today, Defendant's "principal place of business" is in Florida. VITAS is therefore a citizen of Delaware and Florida, not California.

///

Lastly, the citizenship of "Doe" Defendants 1 through 10 is disregarded for purposes of removal jurisdiction. See 28 U.S.C. §1332(c)(1). Thus, there is complete diversity of citizenship under 28 U.S.C. §1332(a).

**B. <u>The Amount In Controversy Exceeds $75,000.</u>**

Under 28 U.S.C. §1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is it is "more likely than not" that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court must consider any "sum which would entail a payment" by the defendant, including damages for lost wages, lost future wages, the value of lost health benefits, compensatory damages, punitive damages, and attorneys' fees. *Id*. at 701.

Here, although the Complaint does not specify the amount of damages at issue, there is no doubt that the damages Plaintiff seeks – including compensatory damages, punitive damages and attorneys' fees – exceed $75,000. Plaintiff alleges that she was employed by Defendant from April 2016 to March 8, 2017. (Complaint, ¶¶13, 20.) She alleges that she was making an annual salary of $63,000. (Complaint, ¶13.) She further alleges that her employment was terminated on or about March 18, 2017, approximately three months ago. (*Id.*, ¶20.) She seeks compensatory damages, back pay, front pay, damages for mental pain and suffering, civil penalties, and other applicable damages. (Complaint at ¶¶27, 28, 29, 30, 39, 40, 41, 50, 51, 52, 58, 59, 60, 61, 68, 69, 70, 71; Plaintiff's Prayer for Relief, p. 15, lines 18-28, and p. 16, line 1.)

Regarding Plaintiff's claim for emotional distress, a jury could award at least $75,000 for emotional distress damages. *See, e.g., Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a wrongful termination case).

Further, Plaintiff seeks attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Guglielmino, supra*, 506 F.3d at 700. California



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Government Code § 12940 *et. seq.*, the statute upon which Plaintiff relies to assert causes of action for retaliation, harassment and failure to prevent harassment and retaliation, authorizes attorneys' fees to a successful litigant. *See* Government Code § 12965(b); *Stephens v. Coldwell Banker Commercial Group, Inc.* 199 Cal.App.3d 1394, 1405 (1988). The Ninth Circuit has affirmed removal where the district court "conservative[ly]" estimated attorneys' fees to be 12.5% of the actual damages sought. *Guglielmino*, *supra*, 506 F.3d at 698. This does not even account for recovery of attorneys' fees based on a percentage of emotional distress damages, which are often in the six-figure range.

Finally, Plaintiff seeks punitive damages. In *Guglielmino*, the court "conservative[ly]" estimated punitive damages at a ratio of 1:1 with the actual damages sought. *Id*. In view of Plaintiff's requested economic and non-economic damages, punitive damages could independently amount to at least $75,000 if Plaintiff prevails at trial.

In sum, the damages Plaintiff seeks far exceed the jurisdictional minimum to satisfy diversity jurisdiction. Accordingly, the jurisdictional "amount in controversy" requirement has been met for purposes of the diversity statute.

If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present both written and oral arguments in support of its position that this action is removable to the district court.

## III. <u>THE NOTICE OF REMOVAL IS TIMELY</u>

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…

*Id*.

///

///



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

As noted, the Complaint was served on May 16, 2017 (Exhibit B), and this Notice of removal was filed on June 14, 2017, within 30 days of such service. Accordingly, this Notice of Removal is timely.

**IV. <u>INTRADISTRICT ASSIGNMENT</u>**

The events allegedly giving rise to this action occurred in Sacramento County, California. (Complaint, ¶6.) Therefore, venue is proper in the Sacramento Division of the United States District Court for the Eastern District of California.

**V. <u>CONCLUSION</u>**

For all of the foregoing reasons, removal of this action to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441.

Dated: June 14, 2017

HIRSCHFELD KRAEMER LLP

By: */s/ Amy A. Durgan*
John F. Baum
Amy A. Durgan
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA, erroneously sued as VITAS HEALTHCARE

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
VITAS HEALTHCARE, DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOANNE BURNS

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
MAY - 9 2017
emedina
By ________________, Deputy
Case Number:
34-2017-00212226

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SACRAMENTO SUPERIOR COURT
720 9th Street
Sacrametno, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lazear Mack LLP, Arthur W. Lazear, 436 14th Street Ste 1117 Oakland CA 94612

DATE: *(Fecha)* MAY - 9 2017 Clerk, by *(Secretario)* E. MEDINA, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Vitas Healthcare

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Arthur W. Lazear SB 083603 Morgan M. Mack SB 212659
Lazear Mack LLP
436 14th Street Ste 1117
Oakland CA 94612
TELEPHONE NO.: 510 735 6316 FAX NO.: 510 545 4226
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

FILED
Superior Court Of California, Sacramento
MAY - 9 2017
emedina
By ____________, Deputy
Case Number:
34-2017-00212226

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Burns v Vitas

## CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: 08 MAY 2017
Arthur W. Lazear
(TYPE OR PRINT NAME) ▶ [signature] (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

ARTHUR W. LAZEAR SB 083603
(arthur@lazearmack.com)
MORGAN M. MACK SB 212659
(morgan@lazearmack.com)
LAZEAR MACK LLP
436 14TH STREET STE 1117
OAKLAND CA 94612
PH: 510-735-6316
FACSIMILE: 510-545-4226

FILED
Superior Court Of California,
Sacramento
MAY - 9 2017
emedina
By __________, Deputy
Case Number:
34-2017-00212226

SUPRIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| JOANNE BURNS,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE, Does 1 through 10, inclusive.,<br><br>Defendant | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>1. Whistleblower Retaliation (Cal. Labor Code 1102.5(c))<br>2. Retaliation in Violation of FEHA<br>3. Harassment in Violation of FEHA<br>4. Failure to prevent Retaliation and Harassment in violation of FEHA<br>5. Wrongful Termination in Violation of Public Policy |

BY FAX

Plaintiff JOANN BURNS (or "Plaintiff") for her Complaint against Defendant VITAS HEALTHCARE ("VITAS" or "Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for damages for Defendant's whistleblower retaliation in violation of California Labor Code § 1102(c), retaliation in violation of FEHA, harassment in violation of FEHA, failure to prevent retaliation in violation of public policy, and wrongful termination in violation of public policy. The action arises out of Plaintiff's employment with Defendant.

///

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this court by California Code of Civil Procedure §410.10

3. Venue is proper in this Court pursuant to California Code of Civil Procedure §395.

## PARTIES

4. At all pertinent times mentioned in this Complaint, Plaintiff was a resident of the County of Sacramento, State of California.

5. Defendant Vitas Healthcare is a Delaware Corporation with its principal place of business in Miami, Florida.

6. Plaintiff was employed by Defendant as a Human Resource Representative at Defendant's office in Sacramento, California.

7. At all the pertinent times mentioned in this Complaint, Defendant acted with the intent to cause a tortious effect on the Plaintiff within the State of California.

8. Corporate Defendant is directly liable for the conduct of its division heads, managers, supervisors, employees, and agents described herein. At all times pertinent in this Complaint, the employees of Defendant were acting as agents of Defendant and also were within the scope of their employment.

9. Plaintiff is ignorant of the true names or capacities of the Defendants sued here under the fictitious names DOES 1 through 10. Plaintiff is informed and believes that each DOE Defendant was responsible in some manner for the occurrences and injuries alleged in this Complaint.

10. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every individual Defendant was the agent or employee of each and every other Defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of

this agency or employment and was acting with consent, permission, and authorization of each remaining Defendant. All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or the managing agents of every other Defendant.

## STATEMENT OF FACTS

11. Plaintiff Joann Burns is a female.

12. Plaintiff lives in Sacramento, California.

13. In April 2016, Plaintiff was hired by Defendant as an Human Resources Associate with an annual salary of $63,000.

14. From April 2016 to October 2016 Plaintiff received only excellent performance reviews.

15. Plaintiff's status and her work environment began to change, however, in October 2016 after Plaintiff, carrying out her duties as listed in her position description, informed her manager that she could not violate the law by adding and changing employees' time records.

16. Throughout October and November 2016, and until Plaintiff's termination, Plaintiff complained on multiple occasions to Defendant's corporate office about the illegal and unethical steps her manager was requesting she perform.

17. During this time Plaintiff began to be excluded from meetings, and her job duties began to decrease.

18. On or about November 18, 2016, Plaintiff received a write up from her manager based on false accusations in a document entitled "Performance Counseling"

19. Despite meeting the expectations of the Performance Counseling on January 18, 2017, Plaintiff's manager gave her a Final Written Warning.

///

20. On March 8, 2017 Plaintiff was wrongfully terminated.

21. At the time of her termination, Plaintiff had been making approximately $63,000.

22. Plaintiff's termination was without merit, without fair warning, wrongful in administration, and not equitable in consideration of her total performance. Rather, the justifications used by Defendant were pretexts to hide the disapproval and retaliation that occurred as a result of the Plaintiff's complaints and the exposure of the Defendant's violations.

**FIRST CAUSE OF ACTION**

Whistleblower Retaliation in Violation of Labor Code §1102.5

23. Plaintiff hereby incorporates by reference each and every fact stated in paragraphs 1 through 22, supra, with the same force and effect as if fully pleaded at length herein.

24. California Labor Code §1102.5(c) prohibits retaliation by an employer against an employee who refuses to participate in an activity that would result in violation of a state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. The California Legislature enacted Labor Code §1102.5(c) with the express intent, "to protect employees who refuse to act at the direction of their employer or refuse to participate in activities of an employer that would result in a violation of law."

25. It is the fundamental public policy of this State that no employer retaliate against an employee who refuses to engage in an activity that would result in a violation of law, as provided by California's Whistleblower statute, Labor Code §1102.5(c). As more fully set forth in the preceding paragraphs of this Complaint, Plaintiff engaged in protected activity and is, therefore, protected by the mandates of Labor Code §1102.5(c). Starting in or around October 2016, Plaintiff raised objections to management about her manager's request that she illegally alter and change time records, because it violated State and Federal law.

26. Following Plaintiff's objection to changing or altering employee time records, Defendant knowingly and intentionally retaliated against Plaintiff in several ways, including but not limited to: providing unwarranted negative performance reviews; demoting Plaintiff by removing job duties from her role; subjecting Plaintiff to increased scrutiny of her work that others in a similar position were not subjected to; falsely accusing Plaintiff of making mistakes she had not made; harassing Plaintiff and treating Plaintiff in an abusive manner that other employees in a similar position were not subjected to; refusing to investigate and address Plaintiff's complaints; putting Plaintiff on an unwarranted improvement plan; and by terminating Plaintiff.

27. As a direct and proximate result of Defendant's unlawful retaliation against plaintiff in violation of Labor Code § 1102. 5(c) Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, future earnings, and other employment benefits. Plaintiff requests full back pay, full restitution of any loss of benefits, including all compensation to which she otherwise would have been entitled, such as merit -based salary bonuses, salary increases, and bonuses. Plaintiff is entitled to receive damages for these losses and hereby demands an award of damages against Defendant in an amount according to proof at trial.

28. Furthermore, Plaintiff experienced, and continues to experience, indignation as a result of the retaliation. She was and still is deprived of the right to work without fear of reprisal for refusing to participate in activities that would result in a violation of law. Plaintiff also suffered from extreme emotional distress, including, but not limited to: mental anguish, outrage, frustration, severe anxiety about her future, fear of harm to her employability, anxiety about the damage to her reputation, embarrassment among her friends and colleagues, and the disruption of her personal life: Plaintiff is entitled to receive damages for these losses and hereby demands an award of damages against Defendant in an amount according to proof at trial.

29. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with wrongful intent to harm Plaintiff from an evil motive amounting to malice, and with a conscious disregard for Plaintiffs rights to be free from retaliation for refusing to participate in activities that would result in a violation of law. Plaintiff is entitled to receive punitive damages from Defendant, and hereby requests an award of punitive damages from Defendant in an amount sufficient to punish and deter Defendant and other employers from engaging in such unlawful employment practices, in an amount according to proof.

30. Pursuant to California Code Civ. Proc. §1021.5, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which: (1) has resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit has been conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement renders the award appropriate. Under *Jaramillo v County of Orange* (2011) 200 Cal.App.4th 811, 829, protecting whistleblowers from retaliation is a strong public interest that confers a significant benefit on the general public — namely, empowering people to step forward to expose fraud, corruption, and other wrongdoing

31. Plaintiff is entitled to receive an award of statutory attorneys' fees and costs of suit, and hereby requests recovery of her attorney's fees and costs of suit in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

Retaliation in Violation of FEHA

32. Plaintiff hereby incorporates by reference each and every fact stated in paragraphs 1 through 31, supra, with the same force and effect as if fully pleaded at length herein.

33. California Government Code § 12940(h) makes it an unlawful employment practice for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding within the Code.

34. As more fully set forth in the preceding paragraphs of this Complaint, Plaintiff reported violations of law designed to protect employees from unfair business practices.

35. Following Plaintiff's objections to altering and changing employees' time and payroll records, Defendant knowingly and intentionally retaliated against Plaintiff in several ways, including but not limited to: providing unwarranted negative performance reviews; demoting Plaintiff by removing job duties from her role; subjecting Plaintiff to increased scrutiny of her work that others in a similar position were not subjected to; falsely accusing Plaintiff of making mistakes she had not made; harassing Plaintiff and treating Plaintiff in an abusive manner that other employees in a similar position were not subjected to; refusing to investigate and address Plaintiff's complaints; putting Plaintiff on an unwarranted improvement plan; and by terminating Plaintiff.

36. Defendant's retaliatory actions against Plaintiff were of such a severe and pervasive nature as to create a hostile work environment that adversely affected the terms and conditions of Plaintiff's employment with Defendant. Other employees in Plaintiff's department were not subjected to Defendant's retaliatory adverse employment actions or hostile work environment. Rather, the retaliatory conduct began only after Plaintiff complained about Defendant's illegal and unethical conduct. Plaintiff was singled out and subjected to Defendants' retaliatory acts and hostile work environment because of her refusal to engage in illegal and unethical conduct.

37. Defendant was aware of and/or had full knowledge of the retaliatory actions taken against Plaintiff by its employees and agents, including Plaintiff's supervisor, Mr. Chris Eickman, and knowingly permitted, condoned and/or otherwise authorized this retaliation against Plaintiff. Defendant was also aware of and had knowledge of the extent and pervasiveness of the hostile work environment that Plaintiff was subjected to, and knowingly permitted, condoned and/or otherwise authorized it.

38. At all times herein relevant, Plaintiff was qualified and able to satisfactorily perform the job for which she had been hired.

39. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff in violation of Labor Code § 1102. 5(c), Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, future earnings, and other employment benefits. Plaintiff requests full back pay, full restitution of any loss of benefits, including all compensation she otherwise would have been entitled such as merit -based salary bonuses, salary increases, and bonuses. Plaintiff is entitled to receive damages for these losses and hereby demands an award of damages against Defendant in an amount according to proof at trial.

40. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff, from an evil motive amounting to malice, and with a conscious disregard for plaintiff's rights to be free from retaliation for refusing to participate in activities that would result in a violation of law. Plaintiff is entitled to receive punitive damages from Defendant and hereby requests an award of punitive damages from Defendant in an amount sufficient to punish and deter Defendant and other employers from engaging in such unlawful employment practices, in an amount according to proof.

41. In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code § 12965, she is entitled to an award of attorney's fees.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

Harassment in Violation of FEHA

42. Plaintiff hereby incorporates by reference each and every fact stated in paragraphs 1 through 41, supra, with the same force and effect as if fully pleaded at length herein.

43. California Government Code § 12940(j) makes it an unlawful employment practice for an employee to be subjected to harassment when an employer's agents or supervisors know or should have known of this harassing conduct, yet fail to take immediate and appropriate corrective action.

44. As more fully set forth in the preceding paragraphs of this Complaint, Plaintiff reported violations of law designed to protect employees from unfair business practices.

45. Plaintiff then experienced harassment by her supervisors, upper -level management, and coworkers. Such harassment included, but was not limited to: supervisors, management and coworkers treating Plaintiff in an abusive manner that other employees in a similar position were not subjected to; supervisors and management targeting her for her whistle blowing; supervisors singling out and scolding Plaintiff for mistakes she had not made; and supervisors and management accusing Plaintiff of misconduct that she had not committed.

46. The harassing conduct was so severe, widespread, and persistent that it constituted a hostile and abusive work environment for Plaintiff and altered the conditions of her employment.

47. Plaintiff's supervisors 'and Defendant's agents knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action. Plaintiff complained to

management several times about the harassing and retaliatory conduct and distressing work environment.

48. At all times herein relevant, Plaintiff was qualified and able to satisfactorily perform the job for which she had been hired.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, future earnings, and other employment benefits. Plaintiff requests full back pay, full restitution of any loss of benefits, including all compensation to which she otherwise would have been entitled, such as merit-based salary bonuses, salary increases, and bonuses. Plaintiff is entitled to receive compensatory damages for these losses and hereby demands an award of compensatory damages against defendants in an amount according to proof at trial.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff experienced and continues to experience indignation as a result of the retaliation. She was deprived of the right to work without fear of reprisal for refusing to participate in activities that would result in a violation of law. Plaintiff also suffered from extreme emotional distress, including, but not limited to: mental anguish, outrage, frustration, severe anxiety about her future, fear of harm to her employability, anxiety about the damage to her reputation, embarrassment among her friends and colleagues, and the disruption of her personal life. Plaintiff is entitled to receive damages from Defendant, and hereby requests an award of damages from Defendant in an amount according to proof at trial

51. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff; from an evil motive amounting to malice, and with a conscious disregard for Plaintiff's rights to be free from harassment for refusing to participate in

activities that would result in a violation of law. Plaintiff is entitled to receive punitive damages from Defendant, and hereby requests an award of punitive damages from Defendant in an amount sufficient to punish and deter Defendant and other employers from engaging in such unlawful employment practices, in an amount according to proof.

52. In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code § 12965, she is entitled to an award of attorney's fees.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

Failure to Prevent Retaliation and Harassment in Violation of FEHA

53. Plaintiff hereby incorporates by reference each and every fact stated in paragraphs 1 through 52, supra, with the same force and effect as if fully pleaded at length herein.

54. California Government Code §12940(k) makes it unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring.

55. Defendant failed to take reasonable steps to prevent Defendant's employees and agents from retaliating against and harassing Plaintiff. Defendant did not take immediate and appropriate corrective action.

56. Immediately after Plaintiff s initial complaints in October of 2016 and throughout Plaintiff s subsequent complaints about retaliation and harassment, Defendant failed to take steps to protect Plaintiff from further harassment and retaliation.

57. Defendant failed to appropriately address the complaint by Plaintiff and did not implement any reasonable remedial steps to prevent future harassment and retaliation.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, future

earnings, and other employment benefits. Plaintiff requests full back pay, full restitution of any loss of benefits, including all compensation to which she otherwise would have been entitled such as merit-based salary bonuses, salary increases, and bonuses. Plaintiff is entitled to receive compensatory damages for these losses and hereby demands an award of compensatory damages against defendants in an amount according to proof at trial.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff experienced and continues to experience indignation as a result of the retaliation. She was and still is deprived of the right to work without fear of reprisal for refusing to participate in activities that would result in a violation of law. Plaintiff also suffered from extreme emotional distress, including, but not limited to: mental anguish, outrage, frustration, severe anxiety about her future, fear of harm to her employability, anxiety about the damage to her reputation, embarrassment among her friends and colleagues, and the disruption of her personal life. Plaintiff is entitled to receive damages from Defendant and hereby requests an award of damages from Defendant in an amount according to proof at trial.

60. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff from an evil motive amounting to malice, and with a conscious disregard for Plaintiffs rights to be free from retaliation and harassment for refusing to participate in activities that would result in a violation of law. Plaintiff is entitled to receive punitive damages from Defendant and hereby requests an award of punitive damages from Defendant in an amount sufficient to punish and deter Defendant and other employers from engaging in such unlawful employment practices, in an amount according to proof.

61. Pursuant to California Code of. Civ. Proc. § 1021.5, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which: (1) has resulted in the

enforcement of an important right affecting the public interest; (2) a significant benefit has been conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement renders the award appropriate. Under *Jaramillo v. County of Orange* (2011) 200 Cal. 4thApp.811, 829, protecting whistleblowers from retaliation is a strong public interest that confers a significant benefit on the general public — namely, empowering people to step forward to expose fraud, corruption, and other wrongdoing. Plaintiff is entitled to receive an award of statutory attorneys' fees and costs of suit, and hereby requests recovery of her attorney's fees and costs of suit in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

Wrongful Termination in Violation of Public Policy

62. Plaintiff hereby incorporates by reference each and every fact stated in paragraphs 1 through 61, supra, with the same force and effect as if fully pleaded at length herein.

63. This is a common law cause of action pursuant to the law of the State of California Jurisdiction is invoked pursuant to *Tameny v Atlantic Richfield Co.* (1980) 27 Cal. 3d 167.

64. There is a fundamental public policy in this state against employers who retaliate against employees who pursue legally protected rights.

65. As more fully set forth in the preceding paragraphs of this Complaint, Plaintiff reported violations of law designed to protect employees from unfair business practices. Plaintiff is, therefore, protected by the mandates of Labor Code § 1102.5(c)

66. In response to Plaintiffs legally protected activity, Defendant discharged Plaintiff on March 8, 2017.

67. At all times herein relevant, Plaintiff was qualified and able to satisfactorily perform the job for which she had been hired.

68. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff in violation of Labor Code § 1102.5(c), Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, future earnings, and other employment benefits. Plaintiff requests full back pay, full restitution of any loss of benefits, including all compensation to which she otherwise would have been entitled such as merit -based salary bonuses, salary increases, and bonuses. Plaintiff is entitled to receive compensatory damages for these losses and hereby demands an award of compensatory damages against defendants in an amount according to proof at trial.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff experienced and continues to experience indignation as a result of the wrongful termination. She was deprived of the right to work without fear of reprisal for refusing to participate in activities that would result in a violation of law. Plaintiff also suffered from extreme emotional distress, including, but not limited to: mental anguish, outrage, frustration, severe anxiety about her future, fear of harm to her employability, anxiety about the damage to her reputation, embarrassment among her friends and colleagues, and the disruption of her personal life. Plaintiff is entitled to receive damages from Defendant, and hereby requests an award of damages from Defendant in an amount according to proof at trial

70. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff, from an evil motive amounting to malice, and with a conscious disregard for Plaintiff's rights to be free from wrongful termination for refusing to participate in activities that would result in a violation of law. Plaintiff is entitled to receive

punitive damages from Defendant, and hereby requests an award of punitive damages from Defendant in an amount sufficient to punish and deter Defendant and other employers from engaging in such unlawful employment practices, in an amount according to proof.

71. Pursuant to California Code Civ. Proc.§1021.5, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which: (1) has resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit has been conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement renders the award appropriate. Under *Jaramillo v. County of Orange* (2011) 200 Cal,App 4th 811, 829, protecting whistleblowers from retaliation is a strong public interest that confers a significant benefit on the general public — namely, empowering people to step forward to expose fraud, corruption, and other wrongdoing. Plaintiff is entitled to receive an award of statutory attorneys' fees and costs of suit, and hereby requests recovery of her attorney's fees and costs of suit in an amount according to proof.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court grant her the following relief

A. Compensatory damages;

B. Back pay;

C. Front pay;

D. Damages for mental pain and suffering;

E. Reasonable attorney fees;

F. Costs of suit;

G. Civil Penalties;

H. Punitive damages; and

I. Such other relief as the Court deems just and reasonable

Dated this 08th of May, 2017

LAZEAR MACK LLP

Arthur W. Lazear
Morgan M. Mack
Attorney for Plaintiff JoAnne Burns

# Exhibit

# "A"

# Right to Sue Notice

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
JoAnne Burns, Complainant.
2833 Randolph Ave
Carmichael, California 95608

DFEH No. 885557-289271

vs.

Vitas Healthcare, Respondent.
2710 S Gateway Oaks Drive
Sacramento, California 95833

Complainant alleges:

1. Respondent **Vitas Healthcare** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **February 27, 2017,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Terminated,** . Complainant believes respondent committed these actions because of their: **Engagement in Protected Activity** .

3. Complainant **JoAnne Burns** resides in the City of **Carmichael**, State of **California**. If complaint includes co-respondents please see below.

**Additional Complaint Details:**

The complainant was employed as an HR Rep and was ordered by management to change and alter employee pay records to show employees had taken breaks when in fact they had not. After speaking up and making complaints against committing this illegal act complainant was terminated.

VERIFICATION

I, **Blake Morrow**, am the Authorized Representative in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On May 05, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Oakland CA**
**Blake Morrow**
Blake Morrow

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | *FOR COURT USE ONLY* |
| **SHORT TITLE:** Burns vs. Vitas Healthcare | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2017-00212226-CU-WT-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 11/09/2017 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
- -Served all parties named in the complaint within 60 days after the summons has been issued
- -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 05/10/2017

David W. Abbott

David W. Abbott, Judge of the Superior Court

# Exhibit B

**From:** sop@cscinfo.com [mailto:sop@cscinfo.com]
**Sent:** Wednesday, May 17, 2017 5:10 PM
**To:** Dean Robertson <Dean.Robertson@vitas.com>
**Subject:** Notice of Service of Process - Transmittal Number: 16651426

CSC

**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 16651426**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Vitas Healthcare Corporation of California |
| **Entity I.D. Number:** | 1628509 |
| **Entity Served:** | Vitas Healthcare |
| **Title of Action:** | Joanne Burns vs. Vitas Healthcare |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sacramento County Superior Court, California |
| **Case/Reference No:** | 34-2017-00212226 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/16/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Arthur W. Lazear
510-735-6316

**Primary Contact:**
Dean Robertson Esq.
Vitas Healthcare Corporation

**Electronic copy provided to:**
Rena Damas

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

# Exhibit C

RECEIVED
CIVIL DROP BOX
2017 JUN 13 PM 1:25
GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

JOHN F. BAUM (SBN 148366)
AMY A. DURGAN (SBN 245325)
HIRSCHFELD KRAEMER LLP
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA, erroneously sued as VITAS HEALTHCARE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| JOANNE BURNS,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE, Does 1 to 10, inclusive,<br><br>Defendant. | Case No. 34-2017-00212226<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>**Complaint Filed:** May 9, 2017 |

Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA ("Defendant"), erroneously sued as VITAS HEALTHCARE, hereby answers Plaintiff JOANNE BURNS' ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiff has been damaged in any sum or amount whatsoever, and denies that Plaintiff is entitled to any damages, punitive or otherwise, in any sum or amount whatsoever.

Defendant asserts the following affirmative defenses:

///

///

///



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute any cause of action, or to set forth a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel / Unclean Hands / Waiver)**

2. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, by the doctrines of estoppel, unclean hands, and/or waiver.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3. The Complaint, and each cause of action set forth therein, is barred in that Plaintiff has failed to exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

4. Plaintiff's claims for relief are barred by evidence of misconduct by Plaintiff acquired by Defendant after the cessation of Plaintiff's employment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

5. Plaintiff's claim for punitive damages is barred in that she has failed to plead facts sufficient to support allegations of malice, oppression or fraud, or of any ratification of any such acts by Defendant. In addition, the claim is barred by Defendant's good faith efforts to comply with all applicable laws. To the extent that such act is found that would support an award of punitive damages, Plaintiff's recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States and California Constitutions.

///

///

///

///

**SIXTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

6. Plaintiff has failed to mitigate her damages, and, to the extent of such failure, any damages awarded to Plaintiff should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

7. Plaintiff's claims are barred in whole or in part, and/or her damages are limited, because, at all times, Defendant acted without malice and with the good faith belief in the propriety of its conduct, and based upon reasonable grounds. Any and all conduct of which Plaintiff complains, and which is attributed to Defendant, was a just and proper exercise of management discretion on its part, undertaken for a fair and honest reason, and regulated in good faith under the circumstances then existing.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

8. Plaintiff's claims are barred because the exclusive remedy for some or all of her claims is provided by the California Workers' Compensation Act, Cal. Labor Code, §§ 3200, *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

9. The Complaint, and each cause of action set forth therein, is barred in whole or in part by applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

10. The Complaint, and each of cause of action set forth therein, is barred by laches and other time limitations.

///

///

///

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

11. As an affirmative defense to Plaintiff's prayer for attorneys' fees, Defendant aver that Plaintiff has failed to state facts sufficient to recover attorneys' fees.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Knowledge)**

12. As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that the claims, in whole or in part, are barred because Defendant had no knowledge that Plaintiff was subject to retaliation as alleged in her Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action)**

13. All reasonable steps to prevent an alleged retaliation were taken once Defendant was made aware of Plaintiff's complaints.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Take Advantage of Harassment Complaint Procedure / Avoidable Consequences)**

14. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct alleged harassing behavior in the workplace, but Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant through its harassment complaint procedure.

**RIGHT TO AMEND AFFIRMATIVE DEFENSES**

15. Defendant has no independent knowledge, as of the filing of this Answer, of all facts allegedly constituting the causes of action in the Complaint, and based thereon, hereby respectfully requests leave of this Court to amend this Answer to include those affirmative defenses that are revealed during the course of Defendant's discovery.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by her Complaint and that judgment be entered in favor of Defendant on each and every one of Plaintiff's causes of action;

2. That Defendant be awarded its costs of suit incurred herein;

3. That Defendant be awarded its reasonable attorneys' fees; and,

4. For such other and further relief as this Court deems just and proper.

Dated: June 13, 2017

HIRSCHFELD KRAEMER LLP

By: ______________________
John F. Baum
Amy A. Durgan
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA, erroneously sued as VITAS HEALTHCARE

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, am a resident of the State of California, over the ag e of eighteen years, and not a party to the within action. My business address is 505 Montgomery Street, 13th Floor, San Francisco, California 94111. On June 13, 2017, I served the following document(s) by the method indicated below:

**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 13, 2017, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

***Attorneys for Plaintiff:***

Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.
LAZEAR MACK LLP
436 14th Street, Suite 1117
Oakland, CA 94612
Phone: (510) 735-6316
Fax: (510) 545-4226

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 13, 2017, at San Francisco, California.

C. Ludlow
Crystal Ludlow

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 505 Montgomery Street 13th Floor, San Francisco, California 94111. On June 14, 2017, I served the following document(s) by the method indicated below:

**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332; 1441 (A), (B) [DIVERSITY JURISDICTION]**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On June 14, 2017, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

***Attorneys for Plaintiff:***

Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.
LAZEAR MACK LLP
436 14th Street, Suite 1117
Oakland, CA 94612

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on June 14, 2017 at San Francisco, California.

C. Ludlow

Crystal Ludlow